### OTT v. DOROSHOW.

(District Court, D. New Jersey. September 24, 1906.)

BANKRUPTCY—FRAUDULENT SALE OF PROPERTY BY BANKRUPT.

   A sale of a stock of goods by an insolvent shortly before his bankruptcy *held* void, as made with intent to defraud his creditors, it being shown that it was made during an adjournment of an action against him by a creditor, for less than half the value of the property, and that no part of the proceeds was paid to his commercial creditors, and no evidence being offered by the purchaser to show his good faith or to corroborate his own testimony as to the payment of the price.

   [Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 264.]

In Equity. On final hearing.

Wilson, Carr & Stackhouse, for complainant.
French & Richards, for defendant.

LANNING, District Judge. The proofs in this case convince me that the alleged sale to the defendant, Doroshow, by the bankrupt of the whole of his property, being a stock of merchandise in his store and a horse and wagon, is void as against the bankrupt's creditors. No evidence whatever was offered by the defendant against the proofs of the complainant. The testimony of the defendant, given by him when he was examined at a meeting of the creditors of the bankrupt, was offered in evidence by the complainant, and not objected to. In that testimony he declares that a bill of sale was delivered to him for the property, which he claims he purchased from the bankrupt for $1,058, and that it was in the hands of his counsel. This statement was twice made by him in the course of his examination. The bill of sale, however, was not produced. He also says that he thinks the consideration money was paid by him to the bankrupt in the presence of Miss Felds, but she was not called as a witness to corroborate his statement. He also says that the consideration money, except about $300, which he drew from the bank, had been kept by his wife in her pocketbook or stocking. He has failed to call her to

corroborate that statement. He also admits that the price at which he says he purchased the property was only 60 or 65 per centum of its value. The evidence of witnesses produced by the complainant is to the effect that $1,058 was little, if any, in excess of one-third of the market value of the property. Section 67e, Bankr. Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449], provides that all conveyances or transfers by a bankrupt of his property, made within four months prior to the filing of the petition against him, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void as against the creditors of the bankrupt except as to purchasers in good faith and for a present fair consideration. In this case the complainant has shown by the bankrupt himself that not a dollar of the proceeds of the alleged sale was paid to his merchandise creditors. The necessary inference is that he intended to defraud those creditors. The testimony of the defendant, Doroshow, shows that he knew he was not purchasing the property for a present fair consideration. The pretended sale was made between the date when the bankrupt secured the postponement of a suit by one of his creditors against him and the day fixed for the trial of that suit. The bankrupt and Doroshow, immediately after the pretended sale, and in the night, secured a sign painter to erase from the store window the bankrupt's name and to substitute therefor Doroshow's name. Early the next morning, December 30, 1903 (the trial of the postponed case being fixed for December 31st), the bankrupt and Doroshow had the sign painter change the name on the bankrupt's wagon. The suspicious conduct of Doroshow is such as to call for a satisfactory explanation by him. He has not offered it. The evidence is of such a character that there can be no other inference from it than that the bankrupt and Doroshow deliberately schemed to defraud the bankrupt's creditors. Doroshow, therefore, is not in a position to secure protection, as he now asks, to the extent of the purchase money which he claims he paid.

The property is in the possession of the complainant. The defendant has a replevin suit against the complainant pending in the New Jersey Supreme Court. The prosecution of that suit has been stayed by a preliminary injunction issued in this suit. There will now be a final decree adjudging the alleged sale to be null and void, and directing that a permanent injunction be issued against the further prosecution of the replevin suit.